UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Randy Drummond, | ) **C/A No. 8:12-2798-TLW-JDA** |
|---|---|
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| South Carolina Department of Corrections;<br>Doctor Moore, *Director of Medical*, | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is a resident of Spartanburg County. Petitioner is a former inmate of the South Carolina Department of Corrections. Information disclosed by Plaintiff in a closed case, *Drummond v. Ozmint, et al.*, Civil Action No. 8:10-2423-TLW-JDA, indicates that Plaintiff was released from the South Carolina Department of Corrections in November of 2010.

In the above-captioned case (Civil Action No. 8:12-2798-TLW-JDA), Plaintiff alleges deliberate indifference to his serious medical needs while he was still an inmate of the South Carolina Department of Corrections. The serious medical needs includes hernia surgery. Plaintiff's exhibits show that, after his release from the South Carolina Department of Corrections, he underwent hernia surgery in 2011 (ECF No. 1-1, at pages 1-6).

The Defendants in the above-captioned case are the South Carolina Department of Corrections and a medical director in the health services division of the South Carolina Department of Corrections. Doctor Moore was not named as a defendant in Plaintiff's prior civil action relating to Plaintiff's demand for hernia surgery while he was an inmate of the South Carolina Department of Corrections. Plaintiff states that he seeks two million dollars ($2,000,000) in damages, which is what he sought in his prior civil action.

**Plaintiff's Prior Civil Action Relating to His Demand for Hernia Surgery**

In *Randy Drummond v. Jon E. Ozmint, Director of SCDC; Jenny Ardis, Administrative Coordinator of Division of Health Services; Dept [of] Corrections; Dr. Bearden; and Medical Corp, Inc.*, Civil Action No. 8:10-2423-TLW-JDA, Plaintiff on September 16, 2010, brought a civil rights action alleging deliberate indifference from a decision by the South Carolina Department of Corrections not to schedule hernia surgery for Plaintiff, even though Dr. Bearden had recommended hernia surgery. On October 7, 2010, the Honorable Robert S. Carr, United States Magistrate Judge, authorized service of process. Upon Magistrate Judge Carr's retirement, Civil Action No. 8:10-2423-TLW-JDA was reassigned to the undersigned United States Magistrate Judge.

Defendants in Civil Action No. 8:10-2423-TLW-JDA filed a motion for summary judgment on March 2, 2011. On the same day, the undersigned apprised Plaintiff of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (district court must advise a plaintiff confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and

be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). Plaintiff filed his response on March 18, 2011. During the following months in Civil Action No. 8:10-2423-TLW-JDA, there were various disputes between the parties relating to appointment of counsel, discovery issues, Plaintiff's request to add another defendant, and Plaintiff's failure to notify the court of a change of address.

Counsel for Defendants on May 11, 2011, filed a motion to dismiss for lack of prosecution. The undersigned on May 12, 2011, issued a *Roseboro* order with respect to that motion.

On October 12, 2011, the undersigned issued a Report and Recommendation in Civil Action No. 8:10-2423-TLW-JDA to deny Defendants' motion to dismiss for lack of prosecution but grant Defendants' motion for summary judgment. On pages 8 through 13 of the Report and Recommendation (ECF No. 75), the undersigned concluded that Defendants were not deliberately indifferent to Plaintiff's serious medical needs and were also entitled to qualified immunity:

> Assuming without deciding that Plaintiff satisfies the first prong of the analysis because his illness is a sufficiently serious medical condition, Plaintiff cannot establish Defendants acted with a sufficiently culpable state of mind, *i.e.*, that Defendants knew of a substantial risk to Plaintiff's health or safety and consciously disregarded that risk. Accordingly, summary judgment should be granted in favor of Defendants.
>
> The evidence produced by Defendants demonstrates Plaintiff was first seen by Bearden on April 20, 2010 when Plaintiff complained of occasional incontinence and chronic abdominal pain following a colon resection for colon cancer a year prior. [Doc. 28–4 ¶ 6; Doc. 28–6 at 5.] Bearden placed Plaintiff on Percogesic for pain and issued him adult diapers. [Doc. 28–4 ¶ 6; Doc. 28–6 at 5.] Bearden saw Plaintiff again

3

on May 4, 2010, when Plaintiff complained of swelling in his left groin area after lifting an object at work. [Doc. 28–4 ¶ 7; Doc. 28–6 at 5.] At that time, Dr. Bearden diagnosed Plaintiff with a moderate sized left inguinal hernia, continued him on Percogesic, and requested a consult with the Surgery Clinic. [Doc. 28–4 ¶ 7; Doc. 28–6 at 5.] Bearden saw Plaintiff again on June 1, 2010 regarding complaints of diffuse abdominal pain. [Doc. 28–4 ¶ 8; Doc. 28–6 at 3.] Bearden continued Plaintiff on Percogesic. [Doc. 28–4 ¶ 8.] On June 3, 2010, Plaintiff was seen in the Surgery Clinic, and the Surgery Clinic recommended Plaintiff be scheduled for surgery to repair the hernia. [ Id. ¶ 9.] Bearden placed a request for surgery with the medical director who did not approve the request. [ Id.; Doc. 28–6 at 3.] On August 6, 2010, Bearden saw Plaintiff again, advised Plaintiff that his surgery had been disapproved by the SCDC medical director, and noted Plaintiff's hernia was easily reducible. [Doc. 28–4 ¶ 10; Doc. 28–6 at 1–2.] Bearden prescribed Naproxen for Plaintiff and continued Plaintiff on Percogesic. [Doc. 28–4 ¶ 10.] Bearden last saw Plaintiff on September 24, 2010 when Plaintiff complained of heartburn and pain from his hernia. [ Id. ¶ 11; Doc. 26–8 at 1.] Bearden discontinued Percogesic at that time and placed Plaintiff on Tagament for heartburn. [Doc. 28–4 ¶ 11; Doc. 26–8 at 1.]

     Plaintiff has failed to show that Bearden provided "treatment ... so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. To the contrary, as stated above, Bearden saw Plaintiff on at least five occasions, sought the advice of the Surgery Center regarding possible surgery, and sought permission to perform the surgery. Although surgery was requested by Bearden at the recommendation of the Surgery Center, Bearden opined surgery was not medically necessary to correct Plaintiff's hernia and there was no harm to Plaintiff in not having the hernia surgically repaired before release from the facility. [Doc. 28–4 ¶ 13.] Plaintiff has provided no affidavits or evidence to the contrary. Accordingly, Plaintiff cannot establish Defendants were deliberately indifferent to Plaintiff's medical needs; therefore, the Court recommends Defendants' motion for summary judgment be granted.

*Drummond v. Ozmint*, Civil Action No. 8:10-2423-TLW-JDA, 2011 WL 6026309, at *5-*6 (D.S.C. Oct. 12, 2011) (footnote omitted from quotation). Plaintiff on October 25, 2011,

4

filed timely written objections to the Report and Recommendation and filed a motion to add Doctor Moore as a Defendant.

On December 5, 2011, the Honorable Terry L. Wooten, United States District Judge, granted Plaintiff's motion to strike Defendants Ozmint and Ardis from the Complaint, granted Defendants' motion for summary judgment, and denied Plaintiff's Motion to add Doctor Moore as a defendant. *Drummond v. Ozmint*, Civil Action No. 8:10-2423-TLW-JDA, 2011 WL 6026305, at *1 & n. 1 (D.S.C. Dec. 5, 2011). With respect to Plaintiff's motion to add Doctor Moore, Judge Wooten noted:

> On October 25, 2011, the plaintiff filed a motion to amend his complaint to add South Carolina Department of Corrections Medical Director Doctor Moore as a defendant. (Doc. # 80). The defendants filed a response in opposition on October 28, 2011. (Doc. # 85). "Although leave to amend should be 'freely give[n] when justice so requires,' a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting Fed.R.Civ.P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Id.* At the time the plaintiff moved to amend to add Doctor Moore as a defendant, this case had been pending for over a year and a Report and Recommendation had been issued recommending summary judgment be granted to the defendants. Therefore, after careful consideration, the Court finds it would be unduly prejudicial to the defendants to allow the plaintiff to amend the complaint at this late stage of the proceedings. The plaintiff's motion to amend (Doc. # 80) is **DENIED**.

*Drummond v. Ozmint*, 2011 WL 6026305, at *1 n. 1.

Petitioner's subsequent appeal (Fourth Circuit Docket No. 12-6778) in Civil Action No. 8:10-2423-TLW-JDA was not successful. On August 21, 2012, the United States Court of Appeals for the Fourth Circuit affirmed the decision. *Drummond v. Bearden*, No. 12-6778, 475 Fed.Appx. 924, 2012 WL 3571071 (4th Cir. Aug. 21, 2012).[1]

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true.

---

[1] On September 7, 2012, Plaintiff filed a motion to set aside judgment in Civil Action No. 8:10-2423-TLW-JDA. Counsel for Defendants filed their response in opposition on September 10, 2012.

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dep't*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Plaintiff's claims against Doctor Moore are barred by the doctrine of *res judicata*. *Res judicata* bars litigation of all claims or defenses that were available to the parties in the

previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."); *Eriline Co. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("For example, the affirmative defense of res judicata—which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided—may, in 'special circumstances,' be raised sua sponte."); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for '[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"); and *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989) ("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'").

In the above-captioned case, this Court may take judicial notice of Civil Action No. 8:10-2423-TLW-JDA. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling

Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

October 1, 2012  s/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).